(581 P 2d 403)
No. 49,441

STATE OF KANSAS, *Appellee,* v. DONALD WOOLRIDGE, *Appellant.*

Petition for review denied September 13, 1978.

Opinion filed July 21, 1978.

*Max Rowinsky,* of Topeka, for appellant.

*Ronald E. Wurtz,* assistant district attorney; *Gene M. Olander,* district attorney; and *Curt T. Schneider,* attorney general, for appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

FOTH, C.J.: The defendant was convicted of aggravated escape from the Shawnee County jail. The sole issue on appeal is whether the trial court erred by allowing the prosecution to show a video tape of his capture.

A Topeka station, WIBW-TV, filmed the capture and presented an edited version on its evening news. Following normal station practice, the original film was destroyed but the edited tape was kept as required by Federal Communication Commission regulations. The tape which the jury saw was a black and white copy of the edited color film. The defendant objected to the showing of the copy on the grounds that it violated the best evidence rule. In our view the best evidence rule is not applicable.

K.S.A. 60-467(a) provides that "*[a]s tending to prove the content of a writing,* no evidence other than the writing itself is admissible . . . ." (Emphasis added.) As the language of the statute suggests, the rule applies to exclude secondary evidence only when the terms of the writing itself are at issue. A leading commentator has stated that "[t]he rule requiring the production of the original instrument itself does not apply to the proof of facts evidenced by the writing rather than to the language or terms of the writing . . . ." 2 Jones on Evidence, § 7:5. See

also, § 7:4, "Distinction Between Proof of Contents and Proof of Facts Asserted in Writing."

In this case, it is clear that the contents of the film per se were not central to the litigation. There was no issue as to what was contained in the original WIBW-TV film, as compared to the copy shown to the jury. The film was used as any photograph might have been, to illustrate and support the testimony that appellant was at large and was apprehended by force. Since the contents of the original film were not at issue, the best evidence rule was not applicable.

As a photograph, the film's admissibility depended on relevance and a proper foundation. Although cumulative of other evidence of defendant's capture, the film was relevant to show his escape.

At trial, the defendant also objected on the ground that an insufficient foundation had been laid. He does not pursue that point on appeal, however, and a review of the transcript indicates that the foundation was adequate. Photographs and motion pictures may be admitted in evidence if it is established that they accurately represent the person, place, or thing photographed. *E.g., Landrum v. Taylor,* 217 Kan. 113, 535 P.2d 406 (1975); *Howard v. Stoughton,* 199 Kan. 787, 433 P.2d 567 (1967). The question of the sufficiency of the preliminary proof to show the correctness and accuracy of photographs rests largely in the discretion of the trial judge. *E.g., Landrum v. Taylor,* supra, at page 120; *Kirsch v. Dondlinger & Sons Construction Co., Inc.,* 206 Kan. 701, 482 P.2d 10 (1971); *Howard v. Stoughton,* supra, at Syl. 1 and page 789. The mere fact that the film was edited and was in black and white without a showing that the defendant was in some way prejudiced thereby would not render it inadmissible. See *Millers' Nat. Ins. Co., Chicago, Ill. v. Wichita Flour M. Co.,* 257 F.2d 93, 100 (10th Cir. 1958), where the court held that it was not error to admit edited films of experiments conducted by expert witnesses. The court reasoned that where a preliminary showing of the accuracy of the film is satisfactory, the matter of editing of the film goes to the weight of the evidence and not to its admissibility.

In this case, the photographer testified that the edited version accurately portrayed what he witnessed on the day the defendant was apprehended. Defendant did not contend at the trial nor does

he contend now that the film was in any way inaccurate or incorrect. Under the circumstances, it cannot be said that its admission was an abuse of discretion.

Affirmed.