(588 P.2d 953)

No. 49,620

State of Kansas, *Appellee,* v. Frank Miesbauer, *Appellant.*

Opinion filed January 12, 1979.

*Jack O. Bowker* of MacDonald, Bowker & Kaufman, of McPherson, for the appellant.

*Robert F. Stover,* assistant county attorney, *Tim R. Karstetter,* county attorney, and *Curt T. Schneider,* attorney general, for the appellee.

Before ABBOTT, P.J., SPENCER and PARKS, JJ.

SPENCER, J.: Defendant appeals from his convictions of driving while under the influence of intoxicating liquor, K.S.A. 8-1567, and battery against a law enforcement officer, K.S.A. 21-3413.

On April 19, 1977, defendant was driving his automobile to pick up his wife from work. Two witnesses observed defendant's automobile swerve from one side of the road to the other. A short time later, the automobile was found to have left the road and struck a tree.

Officers of the McPherson County Sheriff's Department arrived on the scene to investigate the accident. They were informed that defendant had been driving the automobile. While talking to defendant, the officers observed a strong odor of alcohol, watery eyes, and profane speech. Due to such observations, defendant was asked to perform coordination tests. Upon his failure to successfully complete the coordination tests, defendant was placed under arrest. Defendant then stated that the officers would have to kill him to take him in. He broke loose and ran in an attempt to escape. The officers caught up with him and, in the struggle to subdue him, defendant bit two of the officers.

As his first point, defendant challenges the legality of his arrest. K.S.A. 22-2401 provides:

"A law enforcement officer may arrest a person when:

. . . .

"(c) He has probable cause to believe that the person is committing or has committed

. . . .

"(2) A misdemeanor, and the law enforcement officer has probable cause to believe that:

"(i) Such person will not be apprehended or evidence of the crime will be irretrievably lost unless such person is immediately arrested; or

"(ii) Such person may cause injury to himself or others or damage to property unless immediately arrested . . . ."

The circumstances presented to the officers during the investigation clearly show that probable cause existed to believe that the crime of driving while under the influence of intoxicating liquor had been committed. The evidence further indicates that defendant was attempting to talk passersby into pulling his car back on the road. Couple with this his belligerent attitude, and probable cause to believe defendant might cause injury to himself or others or damage to property unless immediately arrested exists. The court did not err in finding the arrest valid.

By way of a motion *in limine,* defendant sought to exclude testimony of his behavior after the accident in that the witnesses could not differentiate between behavior due to intoxication and behavior resulting from injuries received in the accident. At trial, defendant objected to the giving of opinions as to intoxication by lay witnesses upon the same grounds.

The purpose of a motion *in limine* is to prevent the eliciting of evidence concerning irrelevant and highly prejudicial matters. See *Febert v. Upland Mutual Ins. Co.,* 222 Kan. 197, 563 P.2d 467 (1977); Davis, *The Motion in Limine—A Neglected Trial Technique,* 5 Washburn L.J. 232 (1966). In this case, the observations of defendant's behavior by the officers just prior to arrest were material and relevant to the issue of whether defendant was under the influence of intoxicating liquor. The fact that the officers could not distinguish between behavior caused by intoxication and behavior caused by injuries received in the accident goes to the weight of the evidence and not to its admissibility. The court did not err in denying the motion.

The use of lay opinion testimony as to intoxication was recently approved in *State v. Humbolt,* 1 Kan. App. 2d 137, 139, 562 P.2d 123 (1977). The fact that these lay witnesses could not with expertise differentiate between behavior due to injury and behavior due to intoxication would affect the weight to be given their testimony and not the admissibility of the observations and opinions of these witnesses.

Defendant claims that he was prejudiced in his defense by the failure of two complaints to state the time of the offense and by the fact that one complaint incorrectly stated the time of the offense. K.S.A. 22-3201(2) provides in part:

"The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense."

We are not persuaded that the omission of the word "complaint" from this portion of the statute indicates an intention to require complaints to state the precise time of the offense. As in the case of felonies, the precise time of the commission of many misdemeanors is unknown. To read the statute as proposed by defendant would require the discharge of many persons upon an

unjustified technicality. Further, where time is an important ingredient of the defense, this same statute in subsection (5) provides a method for obtaining that information. This tool was not used by defendant.

It has long been held that the misstatement of the date of the offense will not defeat a conviction where defendant was not prejudiced thereby. *State v. Howard,* 224 Kan. 208, 579 P.2d 702 (1978); *State v. Sisson,* 217 Kan. 475, 536 P.2d 1369 (1975); *State v. Jones,* 204 Kan. 719, 466 P.2d 283 (1970); *State v. White,* 1 Kan. App. 2d 452, 571 P.2d 6 (1977). The record indicates that defendant was aware prior to trial that a discrepancy would exist between the time stated in the complaint and the testimony of the witnesses. He could have requested a bill of particulars and, under the circumstances, he may not claim prejudice by reason of his failure to do so.

Defendant asserts that he was prejudiced by the failure of the State to furnish him a copy of the accident report. To justify a reversal of a conviction for failure to disclose evidence, the evidence withheld must be clearly and unquestionably exculpatory and the withholding of the evidence must be clearly prejudicial to the defendant. *State v. Kelly,* 216 Kan. 31, 33, 531 P.2d 60 (1975). Nothing contained in the accident report was exculpatory. We would further note that such reports are known to be on file with the law enforcement office that investigated the accident. The absence of the document from the reports supplied by the prosecution was apparent prior to trial.

Defendant challenges the sufficiency of the evidence to support the conviction of driving while under the influence of intoxicating liquor. The test on appeal is whether the evidence, when viewed in the light most favorable to the State, is sufficient to form the basis of a reasonable inference of guilt. *State v. Carter,* 220 Kan. 16, 551 P.2d 821 (1976). The evidence contains the testimony of two witnesses who described the erratic driving of defendant prior to the accident and the testimony of three police officers as to defendant's condition subsequent to the accident, along with the opinions of four of the above that defendant was intoxicated. Additionally, defendant testified that he had been drinking prior to the accident. The evidence is sufficient to support the conviction.

Other points raised by defendant have been reviewed and are found to be without merit. The judgment is affirmed.