(739 P.2d 940)

No. 60,307

STATE OF KANSAS, *Appellee*, v. DENNIS K. FRAKER, *Appellant.*

Opinion filed July 9, 1987.

*John C. Humpage*, of Topeka, for appellant.

*James W. Lusk*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before DAVIS, P.J., MEYER, J., and JAMES J. NOONE, District Judge Retired, assigned.

DAVIS, J.: The defendant, Dennis K. Fraker, appeals a jury conviction for driving under the influence of alcohol, K.S.A. 1985 Supp. 8-1567(a)(2).

On January 4, 1986, a Kansas Highway Patrol trooper arrested defendant for driving under the influence of alcohol or drugs, K.S.A. 1985 Supp. 8-1567(a). The trooper issued a "Uniform Notice to Appear and Complaint" (citation). The citation was filed with the clerk of the district court on January 6, 1986, and the prosecution commenced based upon it. The State did not file a complaint or information.

At trial before the district magistrate judge, defendant moved to dismiss the charge for lack of jurisdiction. He contended that the prosecution could not be commenced on the citation. The magistrate judge denied the motion, and defendant was convicted and sentenced.

Defendant appealed to the district court and requested a jury trial. The court denied defendant's motion to dismiss the DUI charge for lack of jurisdiction. Following conviction, the court denied defendant's "Motion for New Trial," which again raised the issue of the court's jurisdiction, and imposed sentence.

On appeal, defendant contends that the trial court lacked jurisdiction over the DUI charge because the State never filed a complaint charging the offense, but only a traffic citation. We

hold that a prosecution for driving under the influence of alcohol or drugs, K.S.A. 1985 Supp. 8-1567, can be commenced only by filing a complaint or information.

K.S.A. 22-2301(1) provides that "[u]nless otherwise provided by law, a prosecution shall be commenced by filing a complaint with a magistrate." See K.S.A. 1985 Supp. 22-2303(1) (authorizing commencement of a prosecution for a misdemeanor or traffic infraction by filing an information in the district court). K.S.A. 1985 Supp. 22-2202(8) defines "complaint" as follows:

" 'Complaint' means a written statement under oath of the essential facts constituting a crime, *except that a notice to appear issued by a law enforcement officer pursuant to and in compliance with K.S.A. 8-2106 and amendments thereto shall be deemed a valid complaint if it is signed by the law enforcement officer.*" (Emphasis added.)

A traffic citation signed by a law enforcement officer may be used to charge an offense and "shall be deemed a valid complaint" if it is issued "pursuant to and in compliance with K.S.A. 8-2106 and amendments thereto." K.S.A. 1985 Supp. 8-2106(a) provides as follows:

"(a) When a person is stopped by a police officer for any violation of any provision of the uniform act regulating traffic on highways, which violation is a misdemeanor or a traffic infraction and *is not required to be taken before a judge of the district court*, the officer may prepare and deliver to the person a written traffic citation. The citation shall contain a notice to appear in court, the name and address of the person, the state registration number of the person's vehicle, if any, the offense charged, the time and place when and where the person shall appear in court, and any other pertinent information." (Emphasis added.)

K.S.A. 1985 Supp. 8-2106(a) authorizes a police officer to issue a citation for a violation of the uniform act regulating traffic on highways (misdemeanor or traffic infraction) if the alleged offender is not required to be taken before a judge of the district court. K.S.A. 1985 Supp. 8-2104 specifies when a person stopped for violating the uniform act regulating traffic on highways is required to be taken before a judge of the district court. Subsection (d) of 1985 Supp. 8-2104 provides as follows:

"(d) When any person is stopped by a police officer and is to be charged with violation of:

"(1) K.S.A. 8-262, *8-1567*, 8-1568, 8-1602, 8-1603 or 8-1604 and amendments to any of such sections, or

"(2) any other statute defining a traffic violation which is a felony, the police

officer shall take the person into custody and *shall take the person without unnecessary delay before a judge of the district court . . . ."* (Emphasis added.)

A police officer is required to take a person stopped for violating K.S.A. 1985 Supp. 8-1567 before a judge of the district court, and, therefore, K.S.A. 1985 Supp. 8-2106(a) does not give the officer authority to issue the person a traffic citation. K.S.A. 1985 Supp. 8-2106(d) emphasizes that a citation cannot be issued for the offenses enumerated in 1985 Supp. 8-2104(d):

"(d) *Except in the circumstances to which subsection (d) of K.S.A. 8-2104 and amendments thereto apply,* in the discretion of the police officer, a person charged with a misdemeanor may give written promise to appear in court by signing at least one copy of the written citation prepared by the police officer, in which event the police officer shall deliver a copy of the citation to the person and shall not take the person into physical custody." (Emphasis added.)

In this case, the citation for driving under the influence of alcohol or drugs was not issued "pursuant to and in compliance with K.S.A. 8-2106 and amendments thereto" and, therefore, cannot be "deemed a valid complaint." K.S.A. 1985 Supp. 22-2202(8). Because the State failed to file a complaint or information charging defendant with violating K.S.A. 1985 Supp. 8-1567, the court lacked jurisdiction over the offense. See *State v. Shofler,* 9 Kan. App. 2d 696, Syl. ¶ 1, 687 P.2d 29 (1984).

The State argues that K.S.A. 8-2108 provides authority for its decision to commence prosecution of defendant by filing a traffic citation. K.S.A. 8-2108 states as follows:

"In the event the form of citation provided for in K.S.A. 8-2106 includes information required by law and is signed by the officer preparing the same, then such citation when filed with a court having jurisdiction shall be deemed to be a lawful complaint for the purpose of prosecution under this act."

K.S.A. 8-2108 does not sanction the use of an unauthorized citation as a complaint. Rather, it refers to "the form of citation provided for in K.S.A. 8-2106." K.S.A. 1985 Supp. 8-2106 does not provide for the issuance of any form of citation to a person charged with violating K.S.A. 1985 Supp. 8-1567.

Defendant's conviction for violating K.S.A. 1985 Supp. 8-1567 is vacated and the charge dismissed for lack of jurisdiction.

Conviction vacated and charge dismissed.