(779 P.2d 34)
No. 63,218

CITY OF TONGANOXIE, *Appellee*, v. JOHN M. JACK, *Appellant*.
Petition for review denied November 8, 1989.

Opinion filed September 1, 1989.

*John M. Jack*, appellant, pro se.

*Michael Crow* and *G. Ronald Bates, Jr.*, of Crow & Bates, of Leavenworth, for the appellee.

Before GERNON, P.J., LEWIS, J., and DAVID F. BREWSTER, District Judge, assigned.

LEWIS, J.: The appellant, John M. Jack, appears before this court pro se to appeal his conviction for driving under the influence of alcohol in violation of Ordinance No. 763, Article VI, Section 30, of the municipal code of the City of Tonganoxie. Appellant refers to himself as John M. Jack, also known as J. M. Jack and Marshall Jack. We shall refer to him as Jack and the appellee as City.

Jack was arrested by the city police in Tonganoxie on February 28, 1987, and charged with driving under the influence of alcohol. At the time of the arrest, he was served with a uniform complaint and notice to appear as authorized by and in the form prescribed by K.S.A. 1988 Supp. 12-4205. The complaint was signed, but not verified, by the arresting officer.

Jack appeared before the municipal court and entered a plea of nolo contendere to the charge and was found guilty of DUI. Jack insists in his brief that at the municipal court level he moved to

dismiss the complaint for lack of verification. There is nothing in the record to support his argument in this regard and the city attorney denies that any such motion was raised before the municipal judge.

Jack appealed his conviction to the district court and once again entered a plea of nolo contendere to the charges and was again found guilty of DUI. Once again, Jack insists he raised the issue of jurisdiction in the district court. While we find no written motion filed by Jack to that effect, we do find that the City filed a response to such a motion and that the motion was addressed and denied by the trial court.

Since this was Jack's second DUI offense, he was sentenced to 90 days in jail, with all but five days suspended; fined $500; ordered to attend eight alcohol abuse sessions; assessed costs; and had his license suspended for 120 days or until completion of the alcohol programs, whichever is longer. His license was then restricted for the remainder of one year. The district court further ordered that, prior to a restricted driver's license being issued to Jack, he should be required to pass a driver's test. Jack conceded he has served his five days in jail and has completed his alcohol abuse education, but has not paid his fine or costs, and still retains his driver's license.

Jack appeared before this court pro se at a hale and hearty 89 years of age. We gather he believes that *State v. Fraker*, 242 Kan. 466, 748 P.2d 868 (1988), applies to his case and that, since the complaint with which the action was commenced was not verified, his conviction must be reversed.

We have examined *Fraker* rather carefully, both the decisions issued by this court and by the Supreme Court, and hold that *Fraker* is authority only for those prosecutions for DUI which were commenced under K.S.A. 8-1567 and amendments thereto; it does not apply to prosecutions commenced under chapter 12 of the Kansas Statutes Annotated, which applies to municipal court prosecutions.

When *Fraker* was handed down by the Court of Appeals in *State v. Fraker*, 12 Kan. App. 2d 259, 739 P.2d 940 (1987), it attracted a great deal of press coverage and stirred up a great deal of commotion.

It is sometimes forgotten that *Fraker* is simply a case involving statutory construction. It does not stand for, has never stood for,

and did not attempt to stand for any constitutionally protected rights of individuals charged with DUI. It simply interpreted the statutes under which Fraker was prosecuted and concluded that, based on those statutes, the complaint had to be verified. The mere fact the courts have concluded that a complaint to prosecute for DUI under 8-1567 must be verified does not compel a decision that complaints filed under K.S.A. chapter 12 must also be verified.

The facts in 12 Kan. App. 2d 259 were simple; Fraker had been issued a uniform complaint and notice to appear when he was arrested by the Kansas Highway Patrol for violation of DUI, K.S.A. 1985 Supp. 8-1567(a). The uniform complaint and notice to appear was not sworn to by the highway patrolman and the State did not file a complaint or information. This court concluded that a prosecution for driving under the influence of alcohol or drugs under 8-1567 could be commenced only by filing a complaint or information. We cited K.S.A. 1985 Supp. 22-2202(8), which defined complaint as follows:

" ' "Complaint" means a written statement under oath of the essential facts constituting a crime, *except that a notice to appear issued by a law enforcement officer pursuant to and in compliance with K.S.A. 8-2106 and amendments thereto shall be deemed a valid complaint if it is signed by the law enforcement officer.*' (Emphasis added.)" 12 Kan. App. 2d at 260.

We then concluded that the uniform complaint and notice to appear, if signed by the law enforcement officer, would be valid, even though not verified, if it was issued pursuant to and in compliance with K.S.A. 1985 Supp. 8-2106(a), which read as follows:

" '(a) When a person is stopped by a police officer for any violation of any provision of the uniform act regulating traffic on highways, which violation is a misdemeanor or a traffic infraction and *is not required to be taken before a judge of the district court,* the officer may prepare and deliver to the person a written traffic citation. . . .' (Emphasis added.)" 12 Kan. App. 2d at 260.

We further pointed out that DUI, under 8-1567, was one of those offenses in which the individual arrested was required to be taken immediately before a judge of the district court by K.S.A. 1985 Supp. 8-2104. Our court in *Fraker* concluded as follows:

"A police officer is required to take a person stopped for violating K.S.A. 1985 Supp. 8-1567 before a judge of the district court, and, therefore, K.S.A. 1985 Supp. 8-2106(a) does not give the officer authority to issue the person a traffic citation." 12 Kan. App. 2d at 261.

We concluded that in *Fraker* the citation for DUI was issued pursuant to K.S.A. 1985 Supp. 8-2106 and that, as a result, such prosecution could not be commenced by the uniform complaint and notice to appear, but required the State to file a formal, verified complaint or information.

The Kansas Supreme Court affirmed with modifications our decision in *Fraker* in 242 Kan. 466. A reading of the Supreme Court's opinion clearly reveals that *Fraker* was not breaking any new ground, insofar as constitutional rights for defendants are concerned, and was not issuing any sweeping commands insofar as the use or non-use of the uniform complaint and notice to appear is concerned. That *Fraker* decision dealt solely with the construction of statutes in chapter 8 of the Kansas Statutes Annotated. On pages 466-67 of the Kansas Supreme Court opinion, it states:

"We agree with the statutory history as set forth in the opinion of the Court of Appeals. Prosecutions in this state have historically been commenced with the filing of a sworn complaint. See K.S.A. 62-602 (Corrick) and prior law and case annotations cited thereunder. This was carried over into our revised Code of Criminal Procedure adopted in 1970. See L. 1970, ch. 129, §§ 22-2202(6), -2301. The 1972 legislature first authorized the use of notices to appear, signed by law enforcement officers, as complaints. See L. 1972, ch. 120, § (6). *Prosecutions for driving under the influence of alcohol could be commenced by the issuance of the uniform traffic citation until January 1, 1985. On that day new statutes became effective, and since then prosecutions for DUI must be commenced with the filing of a verified complaint.* Unsworn traffic citations may no longer be used as a complaint in DUI cases; or in cases when the driver is charged with driving while his or her license is suspended, revoked, or cancelled, K.S.A. 1986 Supp. 8-262; or with fleeing from a police vehicle, K.S.A. 8-1568; or with failing to stop or to give information after an accident involving damage to property or death or personal injury, K.S.A. 8-1602, -1603, and K.S.A. 1986 Supp. 8-1604. K.S.A. 1986 Supp. 8-2104(d) requires the arresting officer to take a motorist arrested for those offenses or for any traffic violation which is a felony before a judge of the district court without unnecessary delay. K.S.A. 1986 Supp. 8-2106 authorizes the use of traffic citations for various misdemeanors and traffic infractions when the person 'is not required to be taken before a judge of the district court.' Since DUI is one of those offenses for which the accused must be taken before a judge of the district court without unnecessary delay, an unsworn traffic citation cannot be used as a complaint when a charge of this offense is to be made. The legislature has limited the use of the unsworn traffic citation as a complaint. Its use in DUI cases is no longer authorized." (Emphasis added.)

It appears obvious to this court that *Fraker* dealt with an interpretation of how prosecutions are commenced under

chapter 8 and that it was necessitated by the amendment of various statutes in chapter 8 by the Kansas Legislature. The decision does not purport to deal with, nor does it deal with, complaints filed under the code for municipal courts, chapter 12 of the Kansas Statutes Annotated, specifically at K.S.A. 12-4101 *et seq.* This code governs practice and procedure in all cases in municipal court. The uniform complaint and notice to appear form used by the City of Tonganoxie in this case is specifically approved under K.S.A. 1988 Supp. 12-4205.

While the language in *Fraker* is rather sweeping, it appears to say that the unsworn traffic citation is no longer authorized for use in DUI cases. That statement must be taken in context of the opinion. We are not dealing with DUI cases commenced under the municipal code, but with DUI cases commenced under chapter 8, and the language in *Fraker* is limited to those prosecutions.

The legislature has had sufficient time since the *Fraker* decisions to extend the same statutory requirements to prosecutions under the municipal code but has not seen fit to do so. Indeed, it would appear that the 1988 legislature took action in amending K.S.A. 1987 Supp. 8-2106, which may very well repeal the requirement in *Fraker*, although we certainly do not reach that issue and do not imply that we are holding that such is the case.

Jack's reliance on *Fraker* is misplaced. This court holds that *Fraker* has no application to Jack's case and that his conviction of DUI under the ordinances of the City of Tonganoxie is affirmed.

We further hold that the differences in procedural rules for municipal courts and district courts, in charging the defendant with the crime of DUI, do not violate Jack's rights under the Fourteenth Amendment of the United States Constitution or under Article 2, § 17 of the Kansas Constitution.

Affirmed.