The UNITED STATES of
America, Plaintiff,

v.

Brian K. PLUMER, Defendant.

No. 95–M–9251–01.

United States District Court,
D. Kansas.

Feb. 27, 1996.

James H. Robinette II, Special Assistant U.S. Attorney, Ft. Riley, Kansas, for plaintiff.

Leslie F. Hulnick, Wichita, Kansas, for defendant.

### ORDER

REID, United States Magistrate Judge.

On December 22, 1995, defendant filed a motion to suppress. A response was filed on January 26, 1996. An evidentiary hearing was held on this motion on February 16, 1996.

■ In order to introduce the results of a breath test, the prosecution must lay a foundation showing that the testing machine was operated according to the manufacturer's operational manual and any regulations set forth by the Department of Health and Environment. *State v. Lieurance,* 14 Kan.App.2d 87, 91, 782 P.2d 1246 (1989), *rev. denied* 246 Kan. 769 (1990). The undisputed testimony at trial was that the defendant had tobacco in his mouth when he was initially stopped. He was ordered to spit it out, but no check was made to determine if his mouth was free of any foreign substance. At the police station, defendant put tobacco in his mouth. One of the officers testified that Specialist Templeton had the defendant remove the tobacco at the police station, but Specialist Templeton testified that he did not recall telling the defendant to spit out the tobacco. All he could remember is that he told somebody that evening to spit out their tobacco.

■ The military police testified that the machine cannot be run if a foreign substance is in the mouth because it could skew the results of the test. It is not at all clear that the defendant ever removed the tobacco at the police station. Even if he did, no check was made of his mouth to determine if any foreign substance was still in his mouth. The testimony was that the operational manual and protocol required that the mouth be free of any foreign substance in order for the machine to operate properly. The testimony was also that the manual required that the mouth of the defendant be inspected for any foreign substance prior to administering the Intoxilyzer. It is undisputed that the defendant twice that evening had tobacco in his mouth. From the testimony, it is clear that he was only ordered to spit it out when he was first pulled over; it is not clear whether he was ordered and in fact spit it out at the police station. In addition, the testimony is undisputed that his mouth was never checked in order to determine if tobacco or any other foreign substance remained in his mouth. From this testimony, the court finds that the Intoxilyzer was not operated according to the operating manual. Therefore, the prosecutor has failed to lay an adequate foundation to permit the admission of the Intoxilyzer results in the trial of this case.

IT IS THEREFORE ORDERED that the motion to suppress the Intoxilyzer results is granted.

Copies of this order shall be mailed to counsel of record for the parties.