(878 P.2d 221)

No. 70,663

STATE OF KANSAS, *Appellee*, v. MELVIN V. ROHR, *Appellant*.

Opinion filed July 22, 1994.

*Michael S. Holland*, of Russell, for appellant.

*Glenn R. Braun*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before LEWIS, P.J., LARSON and GERNON, JJ.

GERNON, J.: Melvin V. Rohr appeals his conviction of driving while under the influence of alcohol. He contends the trial court erred in admitting into evidence the printed results of his breath test without proper certification. He also argues he was denied due process of law and a fair trial by remarks made by the State in its closing argument.

We agree with Rohr on the issue of admitting the printed results of his breath test and reverse.

At Rohr's trial, the State presented the testimony of Officer Tom Meiers, and the defense offered the testimony of an expert

witness, Norman Scholes. Scholes testified regarding the reliability or the lack of reliability of the Intoxilizer 5000.

At trial, Rohr objected to the admission of the printout of the results of his breath test. He contended there had been no scientific basis laid for its admission and that Officer Meiers was not qualified to give the appropriate foundation. He also objected on the basis of hearsay, for the written documents of certification were not offered or admitted into evidence. The trial court overruled both objections, stating in part: "The testimony has been that the machine was certified and the operator was certified and that the requirements of the Kansas Department of Health were followed and the Exhibit will be admitted."

Rohr first contends the State failed to provide a proper foundation for the admission of the breath test results because written documents showing that Meiers and the machine were certified in 1991 were not presented to the jury. What occurred was that Officer Meiers testified that he was properly certified as an operator of the machine in October of 1991 and that the machine was also certified on that date. Rohr contends that the actual written Kansas Department of Health and Environment certification of both the operator and the machine, rather than the officer's oral testimony, should have been introduced into evidence by the State.

This court clearly stated in *Lincoln v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 635, 639, 856 P.2d 1357 (1993): "The legislature has expressly found that, for breath test results to be reliable, the testing equipment, the testing procedures, and the operator of the equipment must all be certified." See K.S.A. 1993 Supp. 8-1002(a)(3).

"Whether an adequate evidentiary foundation was laid is a question of fact for the trial court and largely rests in its discretion. [Citation omitted.] So long as there is substantial competent evidence to support the finding, it will not be disturbed on appeal." *State v. Lieurance*, 14 Kan. App. 2d 87, 91, 782 P.2d 1246 (1989), *rev. denied* 246 Kan. 769 (1990).

The question before us is unique in that neither this court nor the Kansas Supreme Court has expressly stated whether the actual documents of certification are necessary to establish that the ma-

chine and its operator were certified at the time the test was taken.

In *City of Shawnee v. Gruss*, 2 Kan. App. 2d 131, 133, 576 P.2d 239, *rev. denied* 225 Kan. 843 (1978), this court stated: "Both the operator and apparatus in question were currently certified at the time the appellant was tested." The court found that the current certification, in addition to the officer's testimony that he had passed all of the periodic proficiency tests required, was sufficient to establish the necessary evidentiary foundation.

Admission of the actual documents of certification appears to be, from our reading of the cases, the standard. Obviously, the easiest method for proving certification is to present the actual documents.

In *State v. Lieurance*, 14 Kan. App. 2d 87, written certification as to both the operator and the machine was admitted, and a sheriff's deputy testified that the documents admitted were the original copies. "The deputy's testimony was substantial competent evidence upon which the trial court could rely" to establish certification. 14 Kan. App. 2d at 92.

In *State v. Almond*, 15 Kan. App. 2d 585, 588, 811 P.2d 529 (1991), this court stated:

"Royer [the arresting officer] testified he was certified to run the machine, and Glenda Wilkinson, the Shawnee County operations secretary, who maintains the records on breath testing equipment and operator certification, testified Royer was certified. She produced the original copy of the certification record filed in her office. We see no abuse of discretion by the trial court holding that the breathalyzer machine was operated correctly."

Without question, the better practice is for the State to produce the original documents of certification for admission into evidence. The record in this case shows that at least one of the written documents was in the courtroom and available for use, but the court did not find its admission essential to establish certification. The court found the necessary certifications based solely upon Officer Meiers' testimony.

A greater problem with the admission of the evidence in this case is whether the testimony violated the prohibition against hearsay and/or the best evidence rule as codified in K.S.A. 1993 Supp. 60-467(a).

Hearsay is defined as "[e]vidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated." K.S.A. 1993 Supp. 60-460. Hearsay is not limited to oral testimony or statements, but applies as well to written statements. *State v. Thompson*, 221 Kan. 176, 181, 558 P.2d 93 (1976).

Officer Meiers' statements regarding the contents of the documents of certification were certainly offered for the truth of the matter asserted and, thus, are hearsay. These statements are therefore inadmissible unless they fall under one of the enumerated exceptions to the hearsay rule set forth in K.S.A. 1993 Supp. 60-460. None of the exceptions apply.

We conclude that Officer Meiers' testimony also violates the best evidence rule. K.S.A. 1993 Supp. 60-467(a) provides: "As tending to prove the content of a writing, no evidence other than the writing itself is admissible" unless the trial judge finds that certain exceptions apply. Here, the trial court made no such findings.

We find that under the rules of evidence, Officer Meiers' testimony is inadmissible to establish certification. We further conclude that the admission of the breath test results without proper foundation is not merely a technical error and irregularity which can be cured by the language of K.S.A. 60-2105. What was admitted as hearsay and against the best evidence rule is the core of the State's case. Without certification, the breath test results cannot be admitted and the State is left with only circumstantial evidence. We find that the improper admission of the breath test results was highly prejudicial and affected Rohr's substantive rights.

We conclude, based upon our findings, that this matter must be reversed and remanded for a new trial. Given our ruling, we need not address Rohr's appeal concerning his motion for a new trial.

Reversed and remanded.