NOT DESIGNATED FOR PUBLICATION

Nos. 117,875
117,876
117,877
117,878

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VIVIAN MARTINEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed August 24, 2018. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM: Vivian Martinez appeals the district court's decision to revoke her post-imprisonment supervision by community corrections. She argues the district court erred

● in imposing the underlying sentence in case No. 14 CR 1219 because she had completed the entire sentence in that case; and

1

● in imposing the underlying sentences in case Nos. 15 CR 188 and 15 CR 2703 because she had completed the imprisonment portion of her sentences in those cases and was serving post-imprisonment supervision.

Under K.S.A. 2017 Supp. 8-1567(b)(3), when a DUI offender violates the terms of post-imprisonment supervision, the district court has the discretion to revoke the post-imprisonment supervision and impose additional jail time. Because Martinez had not completed both the imprisonment portion and the post-imprisonment supervision portion of any of her sentences, the district court had the authority to revoke her supervision and impose the underlying sentences. Accordingly, we affirm the district court's decision to revoke Martinez' post-imprisonment supervision and order her to serve the remainder of her sentences in jail.

In the alternative, Martinez argues the district court erred in denying her request for jail credit for the time she spent on house arrest. We disagree and find no error by the district court.

On May 21, 2015, in case No. 14 CR 1219, Martinez pled guilty to felony DUI (fourth or subsequent conviction), a nongrid felony, and battery of a law enforcement officer, a class A misdemeanor. On that same date, she pled guilty to another felony DUI (fourth or subsequent conviction) in 15 CR 188.

On August 3, 2015, Martinez was sentenced to 12 months in jail, followed by 12 months of post-imprisonment supervision in each case. As part of the underlying sentence, the court ordered her to serve 72 hours in jail, followed by 4,248 hours on house arrest. The sentences in the two cases were to run consecutively. At the sentencing hearing, the court and the parties interchangeably used the terms "probation" and "post-imprisonment supervision." The court awarded Martinez 3,754 hours and 21 minutes toward her house-arrest time.

2

Less than a month after sentencing, the State filed a warrant alleging that Martinez had violated the terms of her supervision with community corrections by consuming alcohol. At a violation hearing on September 30, 2015, the State indicated that Martinez had "satisfied her mandatory confinement" portion of her sentence in 14 CR 1219 and "that sentence is on to supervision." The prosecutor stated that if the district court found Martinez to be in violation, "the only remaining time that would have to be served in mandatory confinement would be on the 15 CR 188 case."

The district court found that Martinez had satisfied the minimum confinement portion of 14 CR 1219 based on the State's representation. The district court did not indicate that Martinez had also completed her post-imprisonment supervision in 14 CR 1219. The court continued the violation hearing to a later date.

At the continued revocation hearing on January 26, 2016, Martinez admitted to violating the terms of her supervision. At the same hearing, she also pled guilty to yet more felony DUIs in 15 CR 2703 and in 15 CR 2704.

As part of the plea, the parties agreed that Martinez had served approximately 7,500 hours in jail in 14 CR 1219 and 15 CR 188. The plea agreement stated that Martinez had served "the entirety of the confinement period originally ordered" in 14 CR 1219 and had "approximately 1,150 hours remaining [on] the confinement period originally ordered prior to release on post-imprisonment supervision" in 15 CR 188.

The district court informed Martinez that she had satisfied her "total obligation in 14 CR 1219, which includes your confinement and all of your supervision on your house arrest. And then in 15 CR 188, I find that you have satisfied your confinement portion but you still have about 1,150 of house arrest remaining." The district court then released Martinez to house arrest to finish the remaining 1,150 hours for 15 CR 188. When the prosecutor asked about whether Martinez should report on post-imprisonment

3

supervision on 14 CR 1219 or wait until the confinement portion of 15 CR 188 was complete, the court stated: "Let's save it until the confinement [is] done on [15 CR 188]."

On March 30, 2016, Martinez was sentenced in 15 CR 2703 and 15 CR 2704 for her most recent DUIs. In each case, she was sentenced to 12 months in jail, followed by 12 months of post-imprisonment supervision. As part of the underlying sentence, the court ordered Martinez to serve 72 hours in jail, followed by 4,320 hours on house arrest. The sentences were to run consecutively. At the hearing, the court and the parties interchangeably used the terms "probation" and "post-imprisonment supervision."

On August 17, 2016, the State filed a warrant in all four cases alleging that Martinez had violated the terms of her supervision with community corrections by: (1) failing to notify her supervision officer of a change in employment; (2) consuming alcohol; (3) failing to follow all rules and regulations of house arrest; and (4) failing to report as directed. At a violation hearing on April 10, 2017, Martinez admitted to violating the terms of her supervision. She requested that the court impose a jail sanction but allow her to continue her post-imprisonment supervision on the first three cases and finish her sentence in the fourth case.

The prosecutor noted that when a defendant convicted of felony DUI is found to have violated the terms of supervision, the court could impose the remainder of the underlying sentence, impose the remainder of the post-imprisonment period, or any combination of those two options. In making his recommendations to the district court, the prosecutor acknowledged that Martinez had completed the *confinement* portion of her sentence in 14 CR 1219 and "at least a portion of it in 15 CR 188, and was placed on post-imprisonment supervision because she had completed the minimum required portion of house arrest as well." He noted that Martinez had also completed her required period of confinement in 15 CR 2703 in order to permit her to begin post-imprisonment supervision, but Martinez had not completed enough combined jail time and house arrest

4

in order to begin her period of post-imprisonment supervision in 15 CR 2704. Thus, the prosecutor concluded that the district court "would only have jurisdiction for a [post-imprisonment supervision] violation on those first three cases, and not the fourth case."

The State requested the court order Martinez "to serve the remainder of her underlying sentence" in 14 CR 1219, 15 CR 188, and 15 CR 2703, and "she would not have anymore [*sic*] period of supervision on those three cases." After serving the remainder of the underlying sentences in those three cases, Martinez would "serve her confinement portion of her sentence on 15 CR 2704, and then begin her post-imprisonment supervision period on that case."

The district court revoked Martinez' post-imprisonment supervision. The court stated:

> "I've given a person every benefit of doubt and we just need to move forward. Although, even if I had not given you zero tolerance, I would still revoke and impose the underlying sentence.
>
> "People have challenges in their lives. You do. About everybody in this room has challenges. That doesn't give them permission or the right to do things that are inappropriate, especially with your past history, to do things that are inappropriate, so I am revoking and imposing.
>
> "In 14 CR 1219, you've served some time, and that will be tabulated. I'm revoking and imposing in that case.
>
> "In 15 CR 188, I think you have a credit of about 111 days. We are revoking and imposing in that case also.
>
> "In 15 CR 2703, we think you have about 8 days, but that will be determined by counsel. I am revoking and imposing in that case as well.
>
> "In 15 CR 2704, when you get through serving your time in the prior three cases, you will owe us 72 hours of incarceration, and it's consecutive hours. Then you owe us 4,320 hours of post-release supervision, and that's what I'm going to do. I'm going to put you on post-release supervision, rather than keeping you in, on that case."

5

The journal entries reflect an award for jail credit of 266 days in 14 CR 1219, 111 days in 15 CR 188, and 8 days in 15 CR 2703.

Martinez appealed the district court's rulings in all of these cases, and her appeals have been consolidated.

*Revocation of Sentences in Case Nos. 14 CR 1219, 15 CR 188, and 15 CR 2703*

On appeal, Martinez first argues that the district court erred in revoking her post-imprisonment supervision in case No. 14 CR 1219 because she had completed her entire sentence in that case. She also claims she had completed the imprisonment portion of her sentences and had served some portion of her post-imprisonment supervision in both 15 CR 188 and 15 CR 2703. She asserts that the district court was limited to imposing only the portion of her post-imprisonment supervision that she had not yet served.

In response, the State recommends that we remand to the district court for clarification of the sentences imposed. The State claims the sentences are illegal because they are ambiguous with respect to the time and manner in which they are to be served. The State asserts the district court was unclear as to how much time was left to be served and the manner in which the court ordered Martinez to serve any remaining time.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An illegal sentence is defined as a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2017 Supp. 22-3504(3); see *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

6

Martinez disputes the State's claim that the district court's sentences were ambiguous. We agree that there was no ambiguity as to the sentences pronounced at sentencing. The district court clearly ordered an imprisonment portion for each case, followed by a term of post-imprisonment supervision, with the sentences to be served consecutively. At the revocation hearing, the district court was clear that it was revoking Martinez' post-imprisonment supervision and imposing the remaining underlying sentence to be served in jail. Martinez' sentences are not illegal.

We turn now to the questions raised by Martinez. Her claim that the district court erred in revoking her post-imprisonment supervision is based on the fact that there is confusion regarding how post-imprisonment is to be served when the court has ordered multiple consecutive sentences. Specifically, Martinez poses the following questions: (1) Do multiple consecutive DUI sentences require consecutive post-imprisonment supervision periods? and (2) May a defendant begin serving a post-imprisonment supervision period while serving an imprisonment sentence on another case?

Interpretation of a sentencing statute is a question of law, so the standard of review is unlimited. *State v. Nguyen*, 304 Kan. 420, 422, 371 P.3d 1142 (2016).

All of the convictions for DUI in the cases on appeal are fourth or subsequent felony DUI convictions. For sentencing on a fourth or subsequent conviction for DUI, Kansas law requires:

"The person convicted shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined $2,500. The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment. The 90 days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 72 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day in the work release program. . . .

7

The court may place the person convicted under a house arrest program . . . to serve the 90 days' imprisonment mandated by this subsection only after such person has served 72 consecutive hours' imprisonment. The person convicted, if placed under house arrest, shall be monitored by an electronic monitoring device, which verifies the offender's location. The offender shall serve a minimum of 2,160 hours of confinement within the boundaries of the offender's residence. Any exception to remaining within the boundaries of the offender's residence provided for in the house arrest agreement shall not be counted as part of the 2,160 hours." K.S.A. 2017 Supp. 8-1567(b)(1)(E).

K.S.A. 2017 Supp. 8-1567(b)(3) provides that a district court must impose a mandatory one-year period of post-imprisonment supervision for a fourth or subsequent DUI conviction. When a DUI offender violates the terms of post-imprisonment supervision, the district court has the discretion to impose additional jail time, including the remainder of the jail sentence. K.S.A. 2017 Supp. 8-1567(b)(3); see *State v. Castillo*, 54 Kan. App. 2d 217, Syl. ¶ 5, 397 P.3d 1248 (2017) (DUI offenders on post-imprisonment supervision remain subject to the jurisdiction of the district court).

Post-imprisonment supervision is similar to probation. This court has found that the Legislature's amendment of K.S.A. 2017 Supp. 8-1567 to include the provision providing for post-imprisonment supervision—while removing any reference to statutory provisions governing postrelease supervision—demonstrated the Legislature's intent that this "post-imprisonment supervision" is not the same as "postrelease supervision." *State v. Martindale*, No. 115,543, 2017 WL 2896087, at *3 (Kan. App. 2017) (unpublished opinion). Rather, this court held that post-imprisonment supervision is "akin to probation" in that it is the district court that controls the revocation of the supervision. In addition, the revocation proceedings are governed by K.S.A. 2017 Supp. 22-3716. See *Castillo*, 54 Kan. App. 2d at 222-23.

Martinez asserts there is confusion regarding how post-imprisonment supervision is to be served when the court has ordered multiple consecutive sentences. She argues

that she completed both the jail sentence and the post-imprisonment supervision in case No. 14 CR 1219 at the time of the revocation hearing on April 10, 2017. Martinez claims that all parties agreed that the confinement portion of her sentence had been satisfied at the September 30, 2015 revocation hearing. The prosecutor did indicate that Martinez had satisfied the minimum *confinement* portion of her sentence in 14 CR 1219 at the time of the hearing. But there is no agreement on the record that Martinez had also satisfied the post-imprisonment supervision in 14 CR 1219.

Martinez concedes the record is not clear as to exactly when she had satisfied her imprisonment requirement, but she claims that if post-imprisonment supervision began on September 30, 2015, at the latest, then the 12 months of post-imprisonment supervision would have been complete at the time of the April 10, 2017 revocation hearing.

Martinez' argument is flawed because it assumes she was serving post-imprisonment supervision in 14 CR 1219 continuously from September 30, 2015, to September 30, 2016, at which time it would have been complete. The record indicates otherwise. At the continued revocation hearing on January 26, 2016, the district court released Martinez to house arrest to finish the remaining 1,150 hours for 15 CR 188. At that time, Martinez had not yet been sentenced in 15 CR 2703 and 15 CR 2704. When the prosecutor specifically asked about whether Martinez should report on post-imprisonment supervision on 14 CR 1219 or wait until the confinement portion of 15 CR 188 was complete, the court stated: "Let's save it until the confinement [is] done on [15 CR 188]." Thus, the record shows that Martinez was taken off of post-imprisonment supervision on January 26, 2016, and was not to be placed back on post-imprisonment supervision until the confinement portion of 15 CR 188 was complete. There was a break in Martinez' post-imprisonment supervision which was caused by her violating the terms of her supervision.

9

We do not find support in the record for Martinez' claim that the district court lacked jurisdiction to revoke her post-imprisonment supervision in 14 CR 1219 based on the fact that the entire sentence in 14 CR 1219 was complete. According to the journal entry, Martinez had 266 days of jail credit awarded in that case. But she had not satisfied both the imprisonment portion and the post-imprisonment portion of her sentence in 14 CR 1219. As noted earlier, if a DUI offender violates the terms of post-imprisonment supervision, additional jail time can be imposed. See K.S.A. 2017 Supp. 8-1567(b)(3). Martinez has failed to show that the record supports her claim that both portions of her sentence in 14 CR 1219 were complete at the time of revocation.

Martinez also claims she had completed the imprisonment portion of her sentences and had served some, if not all, of her post-imprisonment supervision in both 15 CR 188 and 15 CR 2703. Thus, she argues that the district court was limited to imposing only the portion of her post-imprisonment supervision that she had not yet served.

Martinez' first question is whether the consecutive post-imprisonment periods aggregate. She argues that it is unclear as to how the terms of post-imprisonment supervision shall be served.

The DUI statutes are silent as to whether terms of post-imprisonment supervision aggregate. But under the Kansas Sentencing Guidelines Act, the Legislature provided that postrelease supervision periods shall not be aggregated. See K.S.A. 2017 Supp. 22-3717(d)(1)(F). If the Legislature had intended for terms of post-imprisonment supervision to aggregate, it could have provided such direction in K.S.A. 2017 Supp. 8-1567. Because the DUI statutes are silent as to aggregation, we conclude that periods of post-imprisonment supervision in multiple DUI cases are not aggregated.

Here, the district court indicated that the "imprisonment term" for each offense was 12 months, to be served consecutively to the other cases, followed by 12 months of

post-imprisonment supervision. Under this statutory direction, Martinez must serve the jail sentence, including the days of house arrest, in each of the cases before being placed on post-imprisonment supervision. After the imprisonment portions of the sentences are served, the terms of post-imprisonment supervision in each of the cases are served at the same time.

Martinez' second question is whether a DUI offender may begin serving post-imprisonment supervision on one case while serving an imprisonment portion of a sentence in another case. She asserts that because the statute provides that the term of post-imprisonment supervision begins "[a]fter the term of imprisonment" rather than beginning after all consecutive sentences imposed by the court have been served, a DUI offender may be on post-imprisonment supervision in one case while also serving a jail sentence or house arrest in another case.

This interpretation directly conflicts with the purpose of post-imprisonment supervision and the requirements of post-imprisonment supervision as provided in K.S.A. 2017 Supp. 8-1567(b)(3). When a DUI offender is placed on post-imprisonment supervision, the offender is supervised by community correctional services or court services and is required to participate in a multidisciplinary model of services for substance abuse disorders, including an assessment and referral to community-based substance abuse disorder treatment. This requirement could not be met while the DUI offender is serving time in jail on another case. When the statute is read as a whole, it is clear that the Legislature intended the period of post-imprisonment supervision to be served after the terms of imprisonment were served in all consecutive sentences. After all of the jail time is served, the purpose of placing the offender in the community under post-imprisonment supervision then can be realized.

After revoking her supervision in the three cases at issue, the State confirmed the sentence in the fourth case, 14 CR 2704, stating: "Judge, just [to] be clear: Your Honor,

11

after she's served the 4,320 hours of house arrest, is it the Court's intention for her, then, to begin a 12-month post-imprisonment supervision period on that case?" The district court confirmed that was its intention. Given the sentencing for all four cases was identical, differing only in the number of house arrest hours imposed, it is clear that the court's intention was the same on all four cases.

Under K.S.A. 2017 Supp. 8-1567, we find no ambiguity in the post-imprisonment revocation ordered by the district court. The district court revoked Martinez' post-imprisonment supervision in 14 CR 1219, 15 CR 188, and 15 CR 2703, and the court ordered her to serve the underlying sentence in jail. It is unclear why Martinez had been released to post-imprisonment supervision when she had not completed the incarceration portion of her sentence in 15 CR 2704, but the district court clearly indicated at the revocation hearing that after she was done serving the underlying sentences in the first three cases, she would then serve her sentence in 15 CR 2704.

Under K.S.A. 2017 Supp. 8-1567(b)(3), when a DUI offender violates the terms of post-imprisonment supervision, the district court has the discretion to revoke the post-imprisonment supervision and impose additional jail time. Because Martinez had not completed both the imprisonment portion and the post-imprisonment supervision portion of any of her sentences, the district court had the authority to revoke her supervision and impose the underlying sentences. We find no error in the district court's decision to revoke Martinez' post-imprisonment supervision and to order her to serve the remainder of her sentences in jail.

If Martinez' argument is construed as a challenge to the district court's calculation regarding her sentence and release dates, it is not the responsibility of the district court to calculate the sentence and release dates. Rather, the calculation of release dates is the responsibility of the Kansas Department of Corrections, which has full authority to interpret court documents for purposes of executing the sentence and calculating a release

date consistent with the statutes and administrative regulations. K.S.A. 2017 Supp. 21-6606 (calculating credit for time spent in confinement); K.A.R. 44-6-106(a) (KDOC staff shall have authority to analyze court documents to execute the sentence and commitment); K.A.R. 44-6-135 (2017 Supp.) (computing prison service credit); K.A.R. 44-6-135a (2017 Supp.) (computing maximum sentence credit when consecutive sentences have been aggregated to previously imposed consecutive sentences); see *Hooks v. State*, 51 Kan. App. 2d 527, 533, 349 P.3d 476 (2015); *McKinney v. State*, 27 Kan. App. 2d 803, Syl. ¶ 1, 9 P.3d 600 (2000).

Inmates can challenge the Department of Corrections' sentence calculation by filing a K.S.A. 60-1501 motion in the county where they are imprisoned. See *Hooks*, 51 Kan. App. 2d at 528-29. Martinez makes no specific claim as to how her sentence was miscalculated, but any challenge to the calculation of those sentences should be brought under K.S.A. 60-1501.

*Jail Time Credit*

In the alternative, Martinez argues that the district court failed to properly calculate the jail credit award in 14 CR 1219, 15 CR 188, and 15 CR 2703.

Whether a defendant is entitled to jail credit toward a sentence imposed is determined solely by statute. *State v. Hopkins*, 295 Kan. 579, 581-82, 285 P.3d 1021 (2012). The question of what jail credit an individual is entitled to receive presents a question of statutory interpretation over which we exercise unlimited review. 295 Kan. at 581. When a statute is plain and unambiguous, we decline to speculate about the legislative intent behind the clear language, and we refrain from reading something into the statute that is not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

Martinez did not raise this issue before the district court, but she asserts that it presents a question of law that is determinative of the issue, so it may be raised for the first time on appeal. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (recognizing three exceptions to the general rule that appellate courts do not consider issues raised for the first time on appeal). Because it is a question of law and Martinez asserts this exception, we will address the merits of her challenge to jail time credit.

Previously, Kansas courts have held that house arrest does not qualify for jail time credit. In *State v. Williams*, 18 Kan. App. 2d 424, 431, 856 P.2d 158 (1993), a panel of this court held that under K.S.A. 21-4614a (now K.S.A. 2017 Supp. 21-6615), jail time credit is granted only for time spent in a residential facility or a community correctional residential services program, and confinement to one's home on house arrest does not meet those definitions. See *State v. Strand*, 261 Kan. 895, 899-900, 933 P.2d 713 (1997) (house arrest is not imprisonment but is a form of alternative sentencing); *State v. Lassiter*, No. 110,631, 2014 WL 4627593, at *2 (Kan. App. 2014) (unpublished opinion) (rejecting request for jail time credit for time spent on house arrest in a DUI case).

Relying on *Sate v. Gray*, No. 111,964, 2015 WL 6444163, at *6 (Kan. App. 2015) (unpublished opinion), Martinez asserts that this court has found that K.S.A. 2017 Supp. 8-1567(b)(1)(E) provides for house arrest to be counted as jail credit in DUI cases. This case provides little support for Martinez because Gray was not convicted of a DUI, and the statement relied on by Martinez was made in dicta.

Martinez asserts that the DUI statutes specifically contemplate that an individual should receive jail credit for time served under house arrest. A panel of this court has previously rejected a similar argument. In *State v. Abildgaard*, No. 102,905, 2010 WL 3662966 (Kan. App. 2010) (unpublished opinion), the defendant argued that because the DUI statutes indicate that time spent on house arrest also qualifies as time spent in jail, it follows that any time spent on house arrest counts as jail credit. The court found

14

Abildgaard's argument "interesting," but noted that nowhere in the language of the statute is there any reference to jail time credit. 2010 WL 3662966, at *3. The court chose not to read something into the statute that was not readily found, and it declined to award jail time credit for time spent on house arrest under K.S.A. 2008 Supp. 8-1567(f)(1) (the predecessor to K.S.A. 2017 Supp. 8-1567[b] involving sentencing for third DUI conviction).

K.S.A. 2017 Supp. 8-1567(b)(1)(E) provides that a portion of a DUI offender's imprisonment sentence can be served on house arrest. But the statute does not provide for jail credit to be given for the time spent on house arrest. Martinez' claim for jail credit based on the theory that the statute provides that days spent under house arrest are equivalent to incarceration is without support in the statute.

Martinez alludes to the fact that the DUI statute has been recently amended, but the current version of the statute does not differ in substance with regard to house arrest from the version of the statute this court analyzed in *Abildgaard*. Because the statute does not contain any reference to jail time credit, we decline to read language into the statute that is not there.

We conclude the district court did not err in failing to award jail time credit for time spent on house arrest.

Affirmed.